## McILHENNY CO. v. CHRISTMAN.
### No. 390.

District Court, W. D. Louisiana, Opelousas Division.

Aug. 16, 1930.

Clark, Clark, McCarthy & Wagner, of Philadelphia, Pa., and Pugh, Grimmet & Boatner, of Shreveport, La., for plaintiff.

L. Austin Fontenot, of Opelousas, La., for defendant.

DAWKINS, District Judge.

Defendant has filed a motion to require the plaintiff to make its petition more certain and definite as to the "date, month and year" that defendant sold and served as "Tabasco" (the trade-name of plaintiff for the infringement of which this suit is brought) the sauce manufactured by Bulliard, as well as the day, month, and year when it is claimed he deceived customers into believing it was the pepper sauce of plaintiff.

The petition charges that defendant, notwithstanding his knowledge of its rights, "has offered and served and does offer and serve and is now offering for sale and serving as 'Tabasco' the sauce complained of"; "has sold and served and now sells and serves as 'Tabasco,' a pepper sauce now manufactured by Ed Bulliard; when customers order 'Tabasco' from defendant, they are served with a pepper sauce which is not manufactured by plaintiff but by the said Ed Bulliard, defend-

ant asserting that said sauce is 'Tabasco,' intending thereby to deceive such customers into thinking they are getting tabasco sauce manufactured by plaintiff."

From the above it will be seen that no period of time is mentioned during which the practice complained of has continued. Defendant is alleged to be the operator of a restaurant, and presumably does so through numerous employees, such as waiters, clerks, etc., the personnel of which may have changed over a period of years. He may want to call these individuals as witnesses to refute the statements of persons whom the plaintiff may produce to prove its case, and he would have to summons them all, unless he was reasonably informed as to the time during which he is alleged to have committed the acts complained of. In other words, he cannot reasonably prepare his defense unless he is informed as to the approximate dates between which and on which the plaintiff will seek to prove the acts alleged. I do not think plaintiff should be required to give the exact dates or the names of its witnesses, or of the employees or persons working for defendant, who served or sold the sauce, but defendant is entitled to know the period of time during which he is charged to have infringed the trade-mark of plaintiff in the manner alleged, in order that he may not be taken by surprise and to properly prepare his defense. To this extent the motion will be sustained and the plaintiff ordered to amend its complaint accordingly. Equity Rule 20 (28 USCA § 723). Proper decree may be presented.